FILED

MAR 22 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUST FILM, INC.; et al., | No. 11-16677 |
| Plaintiffs - Appellees, | D.C. No. 4:10-cv-01993-CW |
| v. | |
| MERCHANT SERVICES, INC.; et al., | MEMORANDUM* |
| Defendants, | |
| and | |
| SKS ASSOCIATES LLC, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

Argued and Submitted March 14, 2012
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: CALLAHAN and BEA, Circuit Judges, and BENNETT, District Judge.[**]

SKS Associates LLC appeals the district court's denial of SKS's motion to compel arbitration and the scope of the district court's preliminary injunction. The parties are familiar with the facts underlying the appeal and thus we do not include them here.

The district court correctly denied the motion to compel arbitration because SKS offered no evidence that the dispute concerned taxes or fees which arose during the lifetime of Campbell's lease.[1] Thus, the dispute did not concern conduct that fell within the terms of the lease. *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

The district court did not abuse its discretion by finding sufficient evidence to support its preliminary injunction, which was carefully tailored to maintain the

---

[**] The Honorable Mark W. Bennett, District Judge for the U.S. District Court for Northern Iowa, sitting by designation.

[1] At oral argument, Appellant's counsel claimed Appellant had presented such evidence, and that it was contained in the declarations of Mirsky and Krieger. We have reviewed those declarations and the first page of Exh. 1 mentioned in Mirsky's declaration. Although Mirsky declared SKS stands in the shoes of lessor (NLS) to collect taxes paid under leases, including Campbell's, there are no facts stated which show that the lessor actually paid any such taxes for its lessees, including Campbell. While taxes are declared to have been paid on behalf of merchants-lessees, the exhibit cited contains no dates for taxes due. Krieger's declaration relates nothing regarding payment of taxes. Appellant's counsel's statements were not proved out by the sources he cited. Thus, there was no evidence presented by Appellant that any taxes were by paid by SKS's predecessor in interest during the life of the Campbell lease.

status quo where class certification is pending and the plaintiff has shown that a class-wide injunction is necessary to remedy the alleged class-wide harm. *See Zepeda v. INS*, 753 F.2d 719, 727–28 & 728 n.1 (9th Cir. 1983). We do not read *Zepeda* to preclude our result because in *Zepeda* the trial court had denied class certification and here the trial court has not yet decided the class certification issue. *Id.* at 722. The district court's decision not to require plaintiffs to post a bond was not an abuse of discretion. *See Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999). Thus, we affirm the preliminary injunction on the understanding that the district court will review the continued existence and the scope of the preliminary injunction, if and when a class is certified.

**AFFIRMED.**